UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Steve Lester, | ) C/A: 4:11-1388-HFF-TER |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) REPORT AND RECOMMENDATION |
| | ) |
| Perry Correctional Institution; | ) |
| Officer Fish; Officer Alwren; Cpt. Randal, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff, Steve Lester, ("Plaintiff"), is a state prisoner in the South Carolina Department of Corrections' Perry Correctional Institution in Pelzer, South Carolina, who is proceeding *pro se* and *in forma pauperis*. Plaintiff brings this action under 42 U.S.C. § 1983[1] seeking compensatory damages and injunctive relief for the loss of his personal property, *i.e.* "court papers and []legal work" (ECF No. 1, p. 5), which Plaintiff alleges was stolen after Plaintiff was moved to a holding cell in Perry Correctional Institution, on April 12, 2010. *See* ECF No. 1, p. 3-4. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) D.S.C., this matter is before the undersigned United States Magistrate Judge for report and recommendation following pre-service review. Having reviewed the Complaint in accordance with applicable law, the undersigned recommends

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). To state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

that it be summarily dismissed because it fails to state a claim on which relief may be granted by this Court.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Title 28 U.S.C. § 1915A(a) requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The *in forma pauperis* statute authorizes the District Court to dismiss a case if it is satisfied that the action is frivolous or fails to state a claim on which relief may be granted. 28 U.S.C. §1915(e)(2)(B)(i) and (ii). As a *pro se* litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). However, even under this less stringent standard, a *pro se* pleading remains subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *Weller v. Dept. of Social Services*, 901 F.2d 387, 391 (4th Cir. 1990).

## BACKGROUND

Plaintiff alleges "I Steve Lester was place[d] in the holding cell April 12, 2010 at Perry Correctional Inst. The office[rs] that took me to the holding cell were Office[r] Fish and Office[r] Alwren and Cpt. Randal. All my property got stolen [] so Cpt. Randal he did a[n] incident report for me." ECF No. 1, p. 4. Plaintiff also alleges that he pursued administrative remedies by filing a request and a grievance, and writing the Administrative Law Court. *See* ECF No. 1, p. 4. Plaintiff further alleges: "I . . . want new property and . . . I want $93,000 apiece . . . from each one of the officer[s]." ECF No. 1, p. 5.

## DISCUSSION

In order for this Court to hear and decide a case, the Court must, first, have jurisdiction over the subject matter of the litigation. It is well settled that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute, *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986), which is not to be expanded by judicial decree. *Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6 (1951). Further, it is to be presumed that a cause lies outside this limited jurisdiction, *Turner v. Bank of N. Am.*, 4 U.S. (4 Dall.) 8, 11, (1799), and the burden of establishing the contrary rests upon the party asserting jurisdiction. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936).

The two most commonly recognized and utilized bases for federal court jurisdiction include (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. The allegations contained in Plaintiff's Complaint do not fall within the scope of either form of this Court's limited jurisdiction. The diversity statute, 28 U.S.C. § 1332(a), requires complete diversity of parties and an amount in controversy in excess of seventy-five thousand dollars ($75,000.00). 28 U.S.C. § 1332; *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 372-74 (1978). Complete diversity of parties in a case means that no party on one side may be a citizen of the same state as any party on the other side. *Owen*, 437 U.S. at 373-74. This Court has no diversity jurisdiction in this case, under 28 U.S.C. § 1332, because, according to the information provided by Plaintiff when he filed his Complaint, Plaintiff and Defendants Fish, Alwren, and Randal (employees of Perry Correctional Institution) are all citizens and residents of South Carolina, and Defendant Perry

3

Correctional Institution is a facility of the South Carolina Department of Corrections, which is an agency of the State of South Carolina. *See* ECF No. 1, p. 2, 4.

Second, the allegations contained in the Complaint are insufficient to show that the case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. That is, the Complaint does not state a plausible claim cognizable under this Court's "federal question" jurisdiction. Plaintiff's Complaint does not specifically allege that a right secured by the Constitution or laws of the United States was violated by Defendants. Even liberally construing the Complaint as asserting a claim under 42 U.S.C. § 1983 for violation of the Due Process Clause of the Fourteenth Amendment, even an intentional deprivation of property by a governmental employee, if unauthorized, does not violate the Due Process Clause if a meaningful post-deprivation remedy for the loss is available. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *see Mora v. City of Gaithersburg, MD*, 519 F.3d 216, 230-31 (4th Cir. 2008) (concerning the intentional taking of guns and ammunition from the plaintiff); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005) (finding that intentional destruction of the plaintiff's animals did not violate the due process clause because South Carolina afforded a meaningful post-deprivation remedy for the loss of animals). Plaintiff must utilize his remedies under South Carolina law to obtain relief for the alleged taking of his personal property, for example by proceeding pursuant to the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 et seq. *See Mora*, 519 F.3d at 231 (the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the State process was constitutionally inadequate); *Hudson v. Palmer*, 468 U.S. 517, 530-536 (1984) (holding that intentional deprivations of property by State employees do not violate due process until and unless the State refuses to provide a suitable post-deprivation remedy); *see also Plumer v. State of*

*Maryland*, 915 F.2d 927, 930-31 (4th Cir. 1990) (where a state actor commits an "unauthorized act" of taking property then an adequate state post-deprivation procedure satisfies due process); *Yates v. Jamison*, 782 F.2d 1182, 1183-184 (4th Cir. 1986) (holding that a federal district court should deny § 1983 relief if state law provides a plaintiff with a viable remedy for the loss of personal property even if the deprivation was caused by an employee of the state, an employee of a state agency, or an employee of a political subdivision of a state).[2]  Hence, the alleged deprivation of Plaintiff's personal property is not a basis for a federal civil rights action pursuant to 42 U.S.C. § 1983.

## RECOMMENDATION

Accordingly, it is recommended that the Complaint in this case be summarily dismissed, *without prejudice* and without issuance and service of process.  *See Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams,* 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III<br>
Thomas E. Rogers, III<br>
United States Magistrate Judge

July 11, 2011
Florence, South Carolina

---

[2] *Yates* has been partially overruled for cases where Plaintiffs allege deprivations of intangible interests, such as a driver's license or "liberty[.]"  *Plumer v. Maryland*, 915 F.2d 927, 929-32 & nn.2-5 (4th Cir. 1990); *see also Zinermon v. Burch*, 494 U.S. 113 (1990).  However, the holding in *Yates* is still binding on lower federal courts in the Fourth Circuit in cases involving deprivations of personal property.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).